**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NEXON CO, LTD and NEXON § <br> KOREAN CORPORATION, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:19-cv-00220 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Uniloc 2017 LLC (together "Uniloc"), as and for their complaint against defendants, Nexon Co, Ltd and Nexon Korean Corporation ("Nexon"), allege as follows:

## THE PARTIES

2. Uniloc is a Delaware limited liability company having places of business at 620 Newport Center Drive, Newport Beach, California 92660 and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

3. Uniloc holds all substantial rights, title and interest in and to the asserted patent.

4. Upon information and belief, Nexon Co, Ltd is a Japanese company having a place of business at 1-4-5 Roppongi, Minato-ku, Tokyo 106-0032, Japan.

5. Upon information and belief, Nexon Korean Corporation (f/k/a Nexon Corporation) is a Korean company having a place of business at 7, Pangyo-ro 256beon-gil, Bundang-gu, Seongnam-si, Gyeonggi-do, Korea, 463-400.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1

1331, 1338(a) and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Nexon is an alien entity and therefore subject to suit in any district. This Court has personal jurisdiction over Nexon, in part, because Nexon provides infringing online services to subscribers who reside in this district. Upon information and belief, Nexon has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

8. Nexon is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,324,578))

9. Uniloc incorporates by reference the preceding paragraphs.

10. U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK that issued on November 27, 2001. A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

11. Pursuant to 35 U.S.C. § 282, the '578 Patent is presumed valid. The '578 Patent describes inventive features that are not well-understood, routine, and conventional.

12. The '578 Patent has been referenced by over one-hundred forty other patent applications/patents including patents applications/patents by IBM, Microsoft, Lucent, Netscape,

General Electric, Hewlett Packard, Cisco, SAP, and Siemens.

13. Nexon markets a software licensing and delivery system referred to as the "Nexon Launcher."

14. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



Site: https://games.nexon.net/nexonlauncher

15. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



16. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



Source: http://maplestory.nexon.net/news/4296/the-nexon-launcher-gets-a-new-look

17. Upon information and belief, the following describes, at least in part, how certain

4

aspects of a representative sample of Nexon's software licensing and delivery system work:



18. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



19. Upon information and belief, the following describes, at least in part, how certain

5

aspects of a representative sample of Nexon's software licensing and delivery system work:



Source: http://maplestory.nexon.net/news/4296/the-nexon-launcher-gets-a-new-look

20. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



21. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



22. Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



23.     Upon information and belief, the following describes, at least in part, how certain aspects of a representative sample of Nexon's software licensing and delivery system work:



24.     Nexon has directly infringed, and continues to directly infringe one or more claims of the '578 Patent, including at least claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and delivery system during the pendency of the '578 Patent which software and associated backend server architecture inter alia allows for installing

8

application programs having a plurality of configurable preferences and authorized users on a network, distributing an application launcher program to a user, the user obtaining a set of configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

25. In addition, should Nexon's software licensing and delivery system be found to not literally infringe one or more claims of the '578 Patent, Nexon's products would nevertheless infringe one or more claims of the '578 Patent under the doctrine of equivalents. More specifically, the accused software/system performs substantially the same function (making computer games available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (distributing application programs to a target on-demand server on a network). Nexon would thus be liable for direct infringement under the doctrine of equivalents.

26. Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '578 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by actively inducing the using, offering for sale, or selling of the Nexon software licensing and delivery system. Nexon's customers and/or agents who operate on behalf of Nexon and who use the Nexon software licensing and delivery system in accordance with Nexon's instructions directly infringe the foregoing claims of the '578 Patent, in violation of 35 U.S.C. § 271. Nexon intentionally instructs its customers and/or agents to infringe through training videos, demonstrations, brochures, and installation and user guides for the software and system.

27. Nexon is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

28. Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '578 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by, among other things, contributing to the direct infringement by others including customers and/or agents using the Nexon software licensing and delivery system, by making, offering to sell, and selling a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

29. For example, the Nexon software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, the Nexon software licensing and delivery system is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Nexon is, therefore, liable for infringement under 35 U.S.C. § 271(c).

30. Nexon will have been on notice of the '578 Patent since, at the latest, the service of the complaint upon its related company in Uniloc USA, Inc. et al v. Nexon America, Inc., Case No. 2:17-cv-281 in the Eastern District of Texas. By the time of trial, Nexon will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more claims of the '578 Patent.

31. Nexon may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its software licensing and delivery system. Uniloc reserves the right to discover and pursue all such additional infringing software.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

32. Uniloc incorporates the paragraphs above by reference.

33. U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006. A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

34. Pursuant to 35 U.S.C. § 282, the '293 Patent is presumed valid. The '293 Patent describes inventive features that are not well-understood, routine, and conventional.

35. The '293 Patent has been referenced by over eighty other patent applications/patents including patents applications/patents by Cisco, AT&T, Microsoft, AOL, SAP, and Samsung.

36. Nexon has directly infringed, and continues to directly infringe one or more claims of the '293 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and delivery system during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration and distributing the file packet to the target on-demand server to make the program available for use by a client user.

37. In addition, should Nexon's software licensing and delivery system be found to not literally infringe one or more claims of the '293 Patent, Nexon would nevertheless infringe one or more claims of the '293 Patent under the doctrine of equivalents. More specifically, the accused software licensing and delivery system performs substantially the same function (distributing application programs to a target on-demand server on a network), in substantially the same way

(via a client/server environment to target on-demand users), to yield substantially the same result (making application programs available for use by target on-demand users). Nexon would thus be liable for direct infringement under the doctrine of equivalents.

38.     Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '293 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by actively inducing the using, offering for sale, or selling of the Nexon software licensing and delivery system. Nexon's customers and/or agents who operate on behalf of Nexon who use the Nexon software licensing and delivery system in accordance with Nexon's instructions directly infringe the foregoing claims of the '293 Patent, in violation of 35 U.S.C. § 271. Nexon intentionally instructs its customers and/or agents to infringe through training videos, demonstrations, brochures, and installation and user guides for the software and system.

39.     Nexon is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

40.     Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '293 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by, among other things, contributing to the direct infringement by others including customers and/or agents using the Nexon software licensing and delivery system, by making, offering to sell, and selling a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '293 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

41.     For example, the Nexon software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore,

the Nexon software licensing and delivery system is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Nexon is, therefore, liable for infringement under 35 U.S.C. § 271(c).

42. Nexon will have been on notice of the '293 Patent since, at the latest, the service of the complaint upon its related company in Uniloc USA, Inc. et al v. Nexon America, Inc., Case No. 2:17-cv-281 in the Eastern District of Texas. By the time of trial, Nexon will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more claims of the '293 Patent.

43. Nexon may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its software licensing and delivery system. Uniloc reserves the right to discover and pursue all such additional infringing software.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Nexon as follows:

(A) that Nexon has infringed the '578 Patent and the '293 Patent;

(B) awarding Uniloc its damages suffered as a result of Nexon' infringement of the '578 Patent and the '293 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining Nexon, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '578 Patent and the '293 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 12, 2019               Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
Jeff Huang

ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

*Counsel for Plaintiff Uniloc 2017 LLC*